UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Susan Parks )
214 Winterbrook Court )
Walkersville, MD  21793 ) Civil Action No.: 8:15-cv-00434
)
Plaintiff, )
)
v. )
)
Trinity Health Corporation )
a/k/a Holy Cross Hospital )
1500 Forest Glen Road )
Silver Spring, MD  20910 )
)
   SERVE: Kevin Sexton )
            1500 Forest Glen Road )
            Silver Spring, MD  20910 )
)
Defendant. )
)

## COMPLAINT

Plaintiff, Susan Parks ("Parks") hereby files her Complaint against Trinity Health Corporation.

### JURISDICTION AND VENUE

1. Plaintiff asserts causes of action under Title VII of the Civil Rights Act of 1964, as amended, and the Equal Pay Act of 1963, as amended, as well as claims under the Maryland Equal Pay Act and the Maryland State Government Article 20 ("SGA-20").

2. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendent jurisdiction over the Plaintiff's state law claims. 28 U.S.C. § 1367.

3. Plaintiff is asserting causes of action based upon incidents which took place at Defendant's place of business, which is in Silver Spring, Maryland. Venue is proper under 28 U.S.C. § 1391 because all or most of the events alleged in the Complaint occurred in Silver Spring, Maryland.

**PARTIES**

4. Plaintiff, Susan Parks is female and worked for Defendant at Holy Cross Hospital in its IT Department as a telecommunications specialist. Plaintiff commenced her employment at Holy Cross Hospital in October, 2004 and Defendant terminated her employment on November 19, 2012. Her last paycheck from Defendant was on November 30, 2012.

5. Trinity Health Corporation ("Trinity") owns and/or operates Holy Cross Hospital in Silver Spring, Maryland. Trinity was Plaintiff's employer and is an employer under Title VII, the Equal Pay Act and Maryland law.

**FACTS**

6. Plaintiff began her employment with Holy Cross Hospital as a PBX Analyst in October, 2004. A PBX Analyst is a telecommunications specialist.

7. In or around 2007-2008, Trinity took over the telecommunications and IT Department operations at Holy Cross Hospital and Plaintiff's job title changed to Telecom Tech II, Grade 12. In 2012, Trinity changed Plaintiff's job title again to Infrastructure Technician. Plaintiff's duties remained the same.

8. Plaintiff received good performance reviews.

9. In or around August, 2011 Trinity posted a full time position for a Senior Telecom position at Holy Cross. Plaintiff was told about the posting and that the hospital was interviewing for it. Plaintiff asked if she should apply for the job.

10. Plaintiff's direct supervisor, Ralph Hamand and Steve Post, who was Hamand's supervisor, told Plaintiff despite the title of the posted job (Senior Telecom Technician), the position would be equal to hers and at the same rate of pay. Hamand said "[d]on't worry, it's just a title."

11. Plaintiff also asked Hamand and Post about applying for the job, but they said she didn't need to as the job was the same as hers.

12. In or around September, 2011 Trinity hired James Smith, a male, to fill the posted position, Senior Telecom Technician.

13. Contrary to the representations of Hamand and Post, Trinity hired Mr. Smith as a Grade 13 with more pay than Plaintiff.

14. Mr. Smith and Plaintiff performed exactly the same job duties, despite Trinity's attempt to distinguish the two jobs on paper only. Both Plaintiff and Mr. Smith worked on the "heat cue" (i.e. where customer tickets came in for repairs, moves and changes); both Plaintiff and Mr. Smith took care of repairing wireless phones, installing and replacing Nortel desk phones, both Plaintiff and Mr. Smith performed programming on Cisco and Nortel phones, both Plaintiff and Mr. Smith worked on projects such as installing new Cisco phones in different departments. The two jobs were the same and Plaintiff performed the same functions as Mr. Smith, and had the same level of responsibility, and worked under the same conditions.

15. In or around October 2011, one month after Mr. Smith's hire, Plaintiff received a performance evaluation by Mr. Hamand and Post. They informed Plaintiff she was doing a "terrific" job. During the performance review, Plaintiff inquired again about Mr. Smith's job title and Hamand and Post again said it was just a title, and that Plaintiff and Mr. Smith were "co-equal" in job duties and responsibilities.

16. In or around December 21, 2011 Plaintiff made a complaint about Mr. Smith to Trinity's "Integrity Line".

17. In or around January, 2012 Plaintiff met with several individuals from Defendant's Human Resources ("HR") Department regarding her complaints about Mr. Smith. In attendance from the HR Department were Debra Whitworth, Alexandra Freemire and Donte Leo. At the end of the meeting Mr. Leo told Plaintiff to "mind her own business."

18. Plaintiff also complained to Mr. Hamand about her unequal pay and that she was treated differently from Mr. Smith because of her gender.

19. After her complaints, Mr. Hamand retaliated against Plaintiff.

20. On or about March 1, 2012, Mr. Hamand gave Plaintiff a Corrective Action Notice for installing phones, which was one of her job functions. Mr. Smith also installed phones, but was not disciplined.

21. On or about June 12, 2012 Mr. Hamand gave Plaintiff another Corrective Action Notice for allegedly not following company policy regarding reminder notes. Mr. Smith did not receive such a write up for violating this policy even though he did the same alleged offense as Plaintiff. Mr. Hamand was aware of this disparate treatment and in fact caused it.

22. On June 28, 2012 Plaintiff filed a complaint with Defendant's HR regarding her supervisor Mr. Hamand's discriminatory treatment and harassment toward her. On or about July 10, 2012 Plaintiff received notice from HR that they had received her complaint.

23. On August 6, 2012 Plaintiff met with a Trinity representative regarding her June 28, 2012 Complaint. The Trinity representative who interviewed Plaintiff regarding her complaint was David Cessante, who is an attorney with the law firm of Clark Hill, PLC in Detroit, Michigan.

24. During the course of Mr. Cessante's investigation of Plaintiff's Complaint, Plaintiff received a performance evaluation from Mr. Hamand. This evaluation was done on or around September 18, 2012, which was unusually early as they are usually done on Plaintiff's work anniversary in October each year.

25. For the first time in Plaintiff's work tenure at Holy Cross (Trinity) the September, 2012 performance evaluation had negative comments. The negative performance evaluation was retaliation by Mr. Hamand for Plaintiff's Complaint against him.

26. On or around October 10, 2012, Plaintiff received an e-mail from Mr. Cessante informing her that he found no merit to her Complaint of discrimination.

27. On November 19, 2012 Trinity terminated Plaintiff's employment. Plaintiff was informed of her termination via a conference call in which Mr. Hamand and Mr. Post were in attendance. The reason given for Plaintiff's termination was "unsatisfactory job performance". However, no one from Trinity could provide Plaintiff with any details as to how her performance was not satisfactory.

28. The reasons provided by Trinity for terminating Plaintiff's employment were false and a pretext for discrimination and retaliation.

## FILING OF EEOC CHARGE

29. On July 19, 2013 Plaintiff filed a timely Charge of Discrimination with the Federal Equal Employment Opportunity Commission ("EEOC") and dual filed with the Maryland Commission on Civil Rights.

30. Plaintiff's Charge of Discrimination against Defendant included discrimination claims on account of sex, retaliation and equal pay.

31. Defendant submitted a position statement in response to Plaintiff's Charge through its attorney David M. Cessante of the Clark Hill, PLC law firm. This is the same attorney who investigated Plaintiff's internal Complaint of Discrimination.

32. Based on the EEOC's investigation, the EEOC found "probable cause" that Plaintiff was subjected to discrimination in violation of Title VII and the Equal Pay Act. The EEOC made no findings with respect to the other Charges in her EEOC Charge.

33. The EEOC attempted conciliation, but it failed, and issued a Notice of Right to Sue.

34. This Complaint is brought within 90 days of the Notice of Right to Sue.

## COUNT I
### (Violation of Federal Equal Pay Act)

35. The preceding paragraphs are incorporated by reference herein.

36. The Federal Equal Pay Act states that "no employer shall discriminate between employees on the basis of sex by paying wages to employees at a rate less than the rate at which the employee pays wages to employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . . ." 29 U.S.C. § 206(d) (1).

37. Defendant violated 29 U.S.C. § 206(d)(1) by paying wages to Plaintiff at rates less than Mr. Smith for substantially equal work on jobs the performance of which required equal skill, effort and responsibility and performed under similar work conditions.

38. Defendant willfully violated the Equal Pay Act.

39. As a result of the above, Defendant has unlawfully withheld the payment of wages due to Plaintiff.

**WHEREFORE**, Plaintiff requests that judgment be entered against Defendant for unpaid back wages, liquidated damages, pre-judgment interest, attorney's fees and costs of litigation.

## COUNT II
### (Violation of Maryland Equal Pay Act)

40. Plaintiff incorporates by reference herein the preceding paragraphs.

41. The Maryland Equal Pay Act states that "no employer may not discriminate between employees in any occupation by paying a wage to employees of one sex at a rate less than the rate paid to employees of the opposite sex if both employees work in the same establishment and perform work comparable character or work on the same operation, in the same business, or of the same type." Md. Code Ann. Labor & Empl. § 3-304(a).

42. Defendant employed Plaintiff in this state and is therefore an "employer" under the Maryland Equal Pay Act. Defendant has willfully violated § 3-304 by paying wages to Plaintiff at a rate less than her male comparator for substantially the same work under similar conditions.

43. As a result of the acts above, Defendant has willfully withheld wages from Plaintiff.

**WHEREFORE,** Plaintiff is entitled to back wages, liquidated damages, attorney's fees, pre-judgment interest and costs.

## COUNT III
### (Title VII – Sex Discrimination)

44. Plaintiff incorporates by reference herein the preceding paragraphs.

45. Defendant treated Plaintiff differently from similarly situated male employees on account by her sex, with respect to terms and conditions of employment. Said terms and conditions of employment consisted of unequal pay, unequal performance review and discipline.

46. Plaintiff suffered an adverse employment action when Defendant paid her less than her male counterparts. She also suffered adverse employment actions when she received write ups, poor performance reviews and was terminated on account of her sex.

47. As a result of said discriminatory treatment Plaintiff has sustained damages and is entitled to back-pay, compensatory damages, emotional distress damages and attorney's fees and costs.

### COUNT IV
### (Retaliation – Title VII – 42 U.S.C. § 2000e-3)

48. Plaintiff incorporates by reference herein the preceding paragraphs.

49. The above specified acts as more fully set forth in the above paragraphs incorporated herein constitute retaliation by Defendant in violation of Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e-3.

50. Plaintiff engaged in activity protected by Title VII by complaining of discriminatory treatment.

51. Plaintiff made a complaint about discriminatory treatment toward her by her direct supervisor.

52. As a result of said complaints, Defendant retaliated against her by giving her an unsatisfactory performance review when her performance was, and had always been, rated good. Defendant falsely wrote Plaintiff up for issues that did not warrant a write-up, and never had warranted a write-up and ultimately terminated her employment in retaliation for her complaints of discrimination.

53. The reasons given by Defendant for Plaintiff's write-ups, poor review and termination were false and were a pretext for discrimination.

54. As a result of Defendant's retaliatory treatment, Plaintiff was left without employment, deprived of economic wages and benefits, suffered loss of pay, was emotionally distressed and will continue to suffer damages.

**WHEREFORE,** Plaintiff is entitled to back pay, compensatory damages, attorney's fees and costs as well as punitive damages.

## COUNT V
### (Retaliation in Violation of Maryland Law)

55. Plaintiff incorporates by reference herein the preceding paragraphs.

56. The above specified acts as more fully set forth above constitute retaliation by Defendant in violation of Maryland SGA Title 20.

57. Plaintiff engaged in activity protected by SGA Title 20 by complaining about discriminatory treatment by her supervisors in terms and conditions of employment.

58. As a result of said complaints, Defendant retaliated against Plaintiff and terminated her employment on account of her protected activity.

59. The reason given for Plaintiff's termination by Defendant was false and was a pretext for retaliation.

60. As a result of Defendant's retaliatory conduct, Plaintiff has been damaged in terms of back pay, compensatory damages, attorney's fees and costs.

**WHEREFORE,** Plaintiff is entitled to an award of damages, including punitive damages and attorney's fees against Defendant under this Count V.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable to a jury.

Respectfully submitted,

_____
Jonathan W. Greenbaum
Kimberly J. Jandrain
Marc J. Eisenstein
**COBURN & GREENBAUM, PLLC**
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC  20036
Telephone:  (202) 657-5006
Facsimile:  (866) 561-9712
jg@coburngreenbaum.com
kj@coburngreenbaum.com
marc@coburngreenbaum.com
(*Attorneys for Plaintiff*)